Argued June 23, decided July 1, rehearing denied July 15, 1913.

## BARR *v.* MINTO, Sheriff.*

(133 Pac. 639.)

**Fraudulent Conveyances—Pleading—Elements of "Creditor's Bill" Stated.**

1.   Where defendants in an action to quiet title denied that plaintiff was owner, charging that the conveyance to him was without consideration and made to defeat defendants' judgment against his grantor, and that the deed was accepted with fraudulent intent, the elements of a creditor's bill to set aside a fraudulent conveyance were stated, and the cause should have proceeded as if the original bill had been filed by the defendants as plaintiffs to set aside the deed, and the burden was on the defendants to plead and prove the facts constituting the fraud, and, defendants having made a *prima facie* case, the burden was on plaintiff to show good faith, want of notice, and payment of consideration.

> [As to what demands will support a creditor's suit, see note in 66 Am. St. Rep. 271.]

**Pleading—Sufficiency—Necessity of Motion to Make More Definite.**

2.   An allegation in an answer in a suit to quiet title, charging a fraudulent conveyance to plaintiff of the lands in question, that the property was attached by defendants as that of plaintiff's grantor, and that he had no other property except that mentioned in the complaint, was an implied allegation that such grantor was then owner, and, in the absence of a motion to make more definite and certain, was a sufficient allegation of ownership.

---

*The authorities on the conditions precedent to equitable remedies of creditors are collated in an elaborate note in 23 L. R. A. (N. S.) 1.
        —REPORTER.

Fraudulent Conveyances—Evidence—Sufficiency.

3. Evidence in an action to quiet title in support of defendants' allegations that the conveyance to plaintiff was fraudulent and made to defeat their judgment *held* sufficient to show that the conveyance was not a *bona fide* sale, but was a device to defeat defendants from collecting their claim.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by Theo. M. Barr against H. P. Minto, as sheriff of Marion County, Oregon, and the Falls City Lumber Company, a corporation, to remove a cloud from plaintiff's title.

The complaint alleges that plaintiff ever since the 8th day of September, 1911, has been and still is the *bona fide* owner of a certain five-acre tract of land, which is described therein, and that the said tract is not in the actual possession of another. It further alleges that about October 26, 1911, the defendant Falls City Lumber Company caused to be issued out of the Circuit Court of Marion County an execution upon a judgment rendered in its favor against Herman W. Barr, Leo Barr, F. J. Barr, John Dale, and Henry Semke, for the sum of $1,000 and placed it in the hands of H. P. Minto, sheriff of Marion County, who levied the same upon the lands mentioned in the complaint as the property of Herman W. Barr; that said defendant now threatens to sell the same to satisfy said judgment and execution, and will do so if not enjoined; that Herman W. Barr has no right, title, or interest in said premises, but that plaintiff is the *bona fide* owner thereof. Then follows a prayer for a decree setting aside said execution and adjudging that defendants have no lien, claim, nor interest in the land.

The answer admits the levy by the sheriff upon the land in question, and the intention to sell the same upon the execution mentioned in the complaint, but

denies that plaintiff is or ever was the owner thereof, or has any claim therein, except as thereafter stated in the answer. There is a further answer and defense setting up the fact that on June 11, 1911, Herman W. Barr, Leo Barr, F. J. Barr, John Dale, and Henry Semke executed a promissory note in favor of the defendant Falls City Lumber Company for the sum of $1,000, with interest at 8 per cent per annum from date, payable 60 days after date, together with reasonable attorney's fees in case of suit; that on the 9th day of September, 1911, said defendant began an action on said note, issued a writ of attachment, and attached the property described in the complaint as the property of Herman W. Barr; that on October 16, 1911, a judgment was duly rendered against Herman W. Barr and the other makers of said note for the sum of $1,123.15; that on the 26th day of October the Falls City Lumber Company caused an execution to issue on said judgment, directing the defendant Minto as sheriff to sell the said attached property to satisfy the same; that on the 8th day of September, 1911, defendant Herman W. Barr and his wife, for the purpose of hindering, delaying, and defrauding the Falls City Lumber Company and his other creditors, made, executed, and delivered to plaintiff a pretended deed purporting to convey the lands mentioned in the complaint for the consideration of $800, but that the conveyance was voluntary, was without any actual consideration, and was accepted by plaintiff with knowledge and notice of its fraudulent character and with the intent to assist Herman W. Barr to defraud his creditors, including plaintiff; that all the makers of the promissory note are insolvent, and that they own no property out of which said judgment can be collected except the lands mentioned in plaintiff's complaint. The answer concludes with a prayer that the conveyance from Herman W. Barr and wife to

Theo. M. Barr be declared fraudulent and void as to the defendants, and that it be canceled and set aside.

The reply was a general denial of the new matter in defendant's answer.                                REVERSED.

For appellants there was a brief over the names of *Mr. James G. Heltzel, Mr. Roy Morgan,* and *Mr. George G. Bingham,* with oral arguments by *Mr. Heltzel* and *Mr. Bingham.*

For respondent there was a brief and an oral argument by *Mr. Frank Holmes.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The first question presented is as to the sufficiency of the pleadings. It is contended by the plaintiff that, while in a creditor's bill to set aside a fraudulent conveyance it is necessary for the grantee under such conveyance to plead and prove that he is an innocent purchaser for a valuable consideration and without notice of any fraudulent intent on the part of his grantor, in this proceeding a different rule prevails, and that the party claiming that a conveyance is fraudulent as to creditors must plead and prove the fraud. We are unable to perceive any difference in the method of pleading nor in the quantum of proof required in either case. In the case at bar plaintiff calls defendants into court, alleging that he is the owner of the property described, and requiring defendants to set forth any claim or lien that they may have against the property. The defendants by way of answer and defense say to the plaintiff: "It is true that you have a deed to the property, but on account of equitable considerations you are not the owner. The conveyance to you was without consideration and to avoid the payment of my claim, and was taken by you with knowledge of such fraudulent intent, and

is therefore void." Herein are all the elements of a creditor's bill, and thereafter the case should have proceeded as though an original bill had been filed by defendants as plaintiffs to set aside the conveyance and subject the property to execution under the judgment.

It is true, as suggested by plaintiff's counsel, that a defendant in a suit of this character must plead and prove fraud on the part of the parties to the conveyance which they attack, but the same is true as to any party attacking a conveyance for fraud in any proceeding. A creditor attacking a conveyance for fraud must not only plead, but prove, the fraud. The same rules of pleading are required of a defendant who sets up fraud in a conveyance when he is sued by the grantee under such conveyance to quiet title as would be required of him were he a plaintiff in a creditor's bill; and, having set up the facts thus necessary to be alleged, it is incumbent upon the plaintiff by way of reply to plead the same facts showing good faith, want of notice, and payment of consideration, as he would have been required to have shown had his conveyance been attacked by an original suit instead of by an answer.

2. In this case it is claimed that the answer is defective because it does not allege that Herman W. Barr was the actual owner of the property when it was attached. To this may be answered that both parties claim under Herman W. Barr, that the pleadings show that his interest in the property was attached, and that by implication at least he was the owner, as it appears from the complaint that he had no other property, except the lands mentioned, out of which the lumber company's demands could be realized. While this cannot be commended as an example of definite pleading, we think, in the absence of a motion to make more definite and certain, it is suffi-

cient. When we say that a person owns no property
except Whiteacre, we, by implication, assert that he
owns Whiteacre.

3. Upon the merits we think that the defendant has
shown such circumstances as will warrant the court in
finding that the conveyance was fraudulent. The
reasons may be briefly stated as follows: (1) Herman
W. Barr was insolvent and threatened with an im-
mediate lawsuit. (2) The alleged purchase was made
immediately after the threat of legal proceedings,
without any intended negotiations, and without the
purchaser ever having seen or examined the property.
(3) The alleged purchaser never looked into the title
nor saw the deed until after it was recorded, but left
to the grantor the whole matter of preparing it and
putting it upon record. (4) The alleged purchaser
knew that his grantor was in embarrassed circum-
stances at the time the alleged trade was consum-
mated. (5) The conveyance was between near rel-
atives, who would naturally be expected to know
something of each other's circumstances and financial
condition; and this, coupled with the haste with which
the alleged trade was consummated and the circum-
stances immediately preceding it, renders the whole
transaction suspicious.

The testimony of Herman W. Barr is very unsatis-
factory. He does not show a disposition to disclose
all the facts relating to the transaction, but to avoid
disclosing them. It is shown that the deed was orig-
inally written with his brother in law as grantee, but
this name was erased and his brother's name sub-
stituted. He claims that this was done on account
of some negotiations had previously with the brother
in law in regard to a sale, but that person is not pro-
duced to corroborate this statement. When asked
what he ·did with the $800 he received, his answers
were vague and unsatisfactory, culminating in a flat

refusal to answer further. The plaintiff's memory seems equally deficient in many particulars. Taking the testimony as a whole, we are satisfied that the alleged conveyance of the land in question to plaintiff was not a *bona fide* sale, but was a device to defeat the Falls City Lumber Company in the collection of its claim.

The decree of the Circuit Court will be reversed and one entered here in accordance with this opinion.

REVERSED: DECREE RENDERED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.